IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alexander Desbiens, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 4361 |
| Independence Receivables Corp., a Maryland corporation, and Firstsource Advantage, LLC, a New York limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Alexander Desbiens, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Alexander Desbiens ("Desbiens"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed originally for a Barclays Bank credit card.  These collection actions took place despite the fact that he had told the Defendants that he refused to pay the debt and was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Independence Receivables Corp. ("Independence"), is a Maryland corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Independence operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Independence was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Independence is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Firstsource Advantage, LLC.

6. Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Firstsource operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Firstsource was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Independence and Firstsource are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of

Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Independence and Firstsource conduct business in Illinois.

8. Defendants Independence and Firstsource are licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Independence and Firstsource both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Desbiens is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed to Barclays Bank. At some point in time after that debt became delinquent, Defendant Independence bought Mr. Desbiens' Barclays Bank debt. While Defendant Independence was trying to collect this debt from him, by having another collection agency, AvanteUSA, send him a collection letter, dated October 25, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and the ongoing collection actions. A copy of this AvanteUSA collection letter is attached as Exhibit C.

10. Accordingly, on December 23, 2010, one of Mr. Desbiens' attorneys at LASPD informed Defendant Independence, in writing, through its agent, AvanteUSA, that Mr. Desbiens was represented by counsel, and directed Independence to cease contacting him, and to cease all further collection activities because Mr. Desbiens was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant Independence had Defendant Firstsource send

Mr. Desbiens a collection letter, dated April 14, 2011, which demanded payment of the Barclays Bank debt. A copy of this letter is attached as Exhibit E.

12. Accordingly, on May 9, 2011, Mr. Desbiens' attorneys at LASPD again informed Defendant Independence, this time through Defendant Firstsource, that it must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Desbiens' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Mr. Desbiens was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, through its agent, that Mr. Desbiens was represented by counsel, and had demanded a cessation of communications with Mr. Desbiens.  By sending a collection letter to Mr. Desbiens, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Alexander Desbiens, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Desbiens, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Alexander Desbiens, demands trial by jury.

    Alexander Desbiens,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: June 27, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com